## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

*United States of America v. Brandon Lavell Glasgow*
Case No. 3:19-cr-00020-TMB-MMS-2

By: THE HONORABLE TIMOTHY M. BURGESS

PROCEEDINGS: ORDER FROM CHAMBERS

The matter comes before the Court on Defendant Brandon Lavell Glasgow's ("Glasgow") *Pro Se* Motion to Reduce Sentence and *Pro Se* Supplemental Motion to Reduce Sentence (the "Motion to Reduce")[1] and *Pro Se* Motion for Leave to Proceed *Pro Se* or Appoint Counsel (the "Motion to Appoint").[2] Glasgow argues he is eligible for a sentence reduction under U.S. Sentencing Guidelines ("U.S.S.G.") Amendment 821 and U.S.S.G. § 4C1.1, which he suggests would reduce his total offense level and result in a new sentencing range of 70 to 87 months.[3] He also asks the Court to "appoint [him] counsel in this case."[4] The United States (the "Government") opposes the Motion to Reduce.[5] The United States Probation and Pretrial Services ("USPO") recommends that Glasgow is ineligible for a sentence reduction.[6] This matter is ripe for resolution. For the following reasons, the Court **DENIES** the Motion to Reduce and **DENIES AS MOOT** the Motion to Appoint.

### A. Background

On January 19, 2023, pursuant to a plea agreement, Glasgow pleaded guilty to Money Laundering Conspiracy in violation of 18 U.S.C. § 1956(h) (Count 2).[7] In the underlying offense, between October 2016 and January 2019, Glasgow entered into an agreement with codefendant Harvelle Lee Earl, Sr. and others to launder the proceeds of cocaine trafficking and participated in bulk cash smuggling of those proceeds between Alaska and California.[8] On July 31, 2018, codefendant Vernell Glasgow went to the Ted Stevens International Airport carrying $65,830 in U.S. currency concealed in a fish box intending to board a flight from Anchorage to Los Angeles to deliver the money to Glasgow in California.[9] Glasgow knew the money was going to be delivered to him, that it derived from cocaine trafficking, and that the bulk cash smuggling scheme was designed to

---

[1] Dkt. 599 (*Pro Se* Motion to Reduce Sentence); Dkt. 601 (*Pro Se* Supplemental Motion to Reduce Sentence). Glasgow's counsel filed a notice that an amended motion would not be filed. Dkt. 604 (Notice of No Amended Motion).
[2] Dkt. 610 (Motion for Leave to Proceed *Pro Se* or Appoint Counsel Under the Criminal Justice Act).
[3] Dkt. 599 at 1; *see* Dkt. 608 (Sealed USPO Memorandum).
[4] Dkt. 610 at 1.
[5] Dkt. 609 (Government Opposition).
[6] Dkt. 608 at 4.
[7] Dkt. 499 (Minute Entry); Dkt. 484 (Plea Agreement).
[8] Dkt. 484 at 4.
[9] *Id.*

conceal the source and transport of cocaine distribution proceeds.[10] On May 15, 2023, Glasgow was sentenced to a below-guideline sentence of 66 months of imprisonment and three years of supervised release.[11] His projected release date is January 30, 2027.[12]

In his Motion to Reduce, Glasgow requests a "[two] point reduction pursuant to [] Amendment 821, and 18 [U.S.C. §] 3582(c)(2) and for having a zero criminal history point."[13] He attaches Amendment 821 and his custody classification form.[14]

In his Motion to Reduce and Motion to Appoint, Glasgow also "ask[s] this Court to appoint counsel [] pursuant to [18 U.S.C. § 3006A]"[15] because he asserts he "is not represented by counsel and [his] counsel is refusing to file the motion for [] sentence reduction."[16] He argues that his counsel "file[d] a miscellaneous motion to the Court stating he will not file a motion on [Glasgow's] behalf under the [statute] of 18 U.S.C. [§] 3583(c)(2)[,] U.S.S.G. 1B1.10, and U.S.S.G. Amendment 821," "which is the wrong [statute] under [] Amendment 821 and 18 [U.S.C. §] 3582(c)(2)."[17] Glasgow's counsel's Notice of No Amended Motion states that the Court appointed the Federal Public Defender to represent Glasgow on February 23, 2024, and that "Counsel submits on Mr. Glasgow's pro se pleadings."[18]

Opposing the Motion to Reduce, the Government argues that Glasgow is ineligible for a sentence reduction under Amendment 821 and U.S.S.G. § 4C1.1.[19] It acknowledges that Glasgow "could have been eligible for [a] two-offense level reduction" under Amendment 821 because he had zero criminal history points at sentencing, which would have reduced his total offense level from 29 to 27 and adjusted his guideline range from 87 to 108 months to a range of 70 to 87 months.[20] However, the Government also notes that the Court imposed a below-guideline sentence of 66 months, which is below the low end of the adjusted guideline range of 70 to 87 months.[21] Citing U.S.S.G. § 1B1.10(b)(2)(A),[22] it argues that "the Court lacks authority to reduce [Glasgow's] sentence any further" and therefore "cannot grant [his] motion for a reduction in sentence."[23]

---

[10] *Id.*
[11] Dkt. 553 (Minute Entry); Dkt. 563 (Judgment) at 2–3.
[12] *See* BOP Inmate Locator, https://www.bop.gov/inmateloc/.
[13] Dkt. 599 at 1.
[14] *Id.* at 2–23; Dkt. 599-1 (Custody Classification Form).
[15] Dkt. 599 at 1.
[16] Dkt. 601 at 3.
[17] Dkt. 610 at 1.
[18] Dkt. 604 at 1–2.
[19] Dkt. 609 at 3.
[20] *Id.* at 2.
[21] *Id.* at 3.
[22] *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.").
[23] *Id.*

USPO recommends that Glasgow is ineligible for a sentence reduction under Amendment 821.[24] It acknowledges that he would qualify as a zero-point offender under U.S.S.G. § 4C1.1, which would reduce his total offense level from 29 to 27 and his guideline range from 87 to 108 months to a range of 70 to 87 months.[25] However, it notes that because the Court imposed a sentence below the original and amended guideline range, Glasgow is not eligible for a sentence reduction.[26]

### B. Legal Standard

1. <u>U.S.S.G. Amendment 821.</u>

United States Sentencing Guideline § 4C1.1 (added pursuant to Amendment 821, Parts A and B, subpart 1) provides for a two-level reduction in a defendant's total offense level if the defendant is a zero-point offender and "meets [certain] criteria."[27]

Under U.S.S.G. § 1B1.10, "[i]n a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (d) [including Amendment 821, parts A and B, subpart 1], the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2)."[28] 18 U.S.C. § 3582(c)(2) allows a court to reduce a term of imprisonment for "a defendant whose term of imprisonment has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."[29] A court may "not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range."[30] Further, the statute "instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the [relevant] policies . . . is warranted in whole or in part under the particular circumstances of the case."[31]

The U.S. Sentencing Commission has recommended retroactive application of Parts A and B, subpart 1, of Amendment 821.[32]

---

[24] Dkt. 608 at 4.
[25] *Id.* at 2.
[26] *Id.* at 4.
[27] U.S.S.G. § 4C1.1(a).
[28] U.S.S.G. §§ 1B1.10(a)(1), (d).
[29] 18 U.S.C. § 3582(c)(2).
[30] U.S.S.G. § 1B1.10(b)(2)(A).
[31] *Dillon v. United States*, 560 U.S. 817, 827 (2010).
[32] *See* U.S.S.G. App. C., amend. No. 825; U.S.S.G. § 1B1.10, p.s. (effective Nov. 1, 2023 and operative Feb. 1, 2024); Miscellaneous General Order No. 23-07, District Protocol for Processing Applications Under Guidelines Amendment 821 at 1.

2. Representation.

Under 18 U.S.C. § 3006A(a)(1)(A), "[r]epresentation shall be provided for any financially eligible person who is [] charged with a felony." "[P]arties may plead and conduct their own cases personally or by counsel as, . . . respectively, are permitted to manage and conduct causes therein."[33]

## C. Discussion

First, the Court finds that Glasgow is ineligible for a sentence reduction under Amendment 821. Pursuant to U.S.S.G. § 4C1.1, Glasgow would be eligible for a two-level reduction in his total offense level as a zero-point offender if he were sentenced today, resulting in an amended offense level of 27 and an amended guideline range of 70 to 87 months. However, the Court sentenced Glasgow to 66 months of imprisonment, which falls below the amended guideline range. Therefore, under U.S.S.G. § 1B1.10(b)(2)(A), the Court may not further reduce his sentence below the minimum of the amended guideline range under 18 U.S.C. § 3582(c)(2), and no other circumstance that the guideline contemplates applies.[34] Thus, Glasgow is ineligible for a sentence reduction. As Glasgow has not demonstrated a basis for a sentence reduction, the Court concludes that a sentence reduction is not appropriate.

Second, the Court declines to grant Glasgow's request for counsel because he is already represented and is ineligible for a sentence reduction. This Court appointed the Federal Public Defender to represent Glasgow in this matter on February 23, 2024.[35] After Glasgow filed his *pro se* motions, Glasgow's appointed counsel filed a notice that he "submits on Mr. Glasgow's pro se pleadings" and would not submit an amended motion in this case.[36] Because Glasgow is currently represented by counsel in this matter and he is ineligible for a sentence reduction, his Motion to Appoint is moot.

Accordingly, the Motion to Reduce at Dockets 599 and 601 is **DENIED** and the Motion to Appoint at Docket 610 is **DENIED AS MOOT**.

Entered at the direction of the Honorable Timothy M. Burgess, United States District Judge.

DATE: July 18, 2024.

---

[33] 28 U.S.C. § 1654.
[34] *See* U.S.S.G. § 1B1.10(b)(2)(A) ("Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."); 18 U.S.C. § 3582(c)(2).
[35] Dkt. 597 (Text Order); Dkt. 602 (Notice of Attorney Appearance).
[36] *See* Dkt. 604.